THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICKY L. HALE,<br><br>Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORR. et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-696-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Ricky L. Hale brought this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Dkt. No. 4. Having screened the Complaint as required by 28 U.S.C. § 1915A, the court orders Plaintiff to file an amended complaint to cure the deficiencies in the Complaint before further pursuing his claims.

## COMPLAINT'S DEFICIENCIES

The court has identified the following deficiencies in Plaintiff's Complaint, which will be explained in greater detail below. The Complaint:

(a)   improperly names Utah Department of Corrections (UDOC) as a § 1983 defendant, when UDOC is not an independent legal entity that can sue or be sued;

(b)   does not acknowledge the applicability of Eleventh Amendment immunity in naming UDOC as a defendant;

(c)   appears inappropriately to allege civil-rights violations on a theory of supervisory liability;

(d)   may not affirmatively link defendants to allegations of civil-rights violations;

(e)   may improperly allege inadequate access to legal resources in making claims based on current confinement, has claims possibly based on current confinement;

(f) may inappropriately allege civil-rights violations on the basis of denied grievances or failures to follow institutional policy;

(g) apparently alleges "random and unauthorized deprivation of property under color of state law," without considering that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy." *See Frazier v Flores*, No. 13-1535, 2014 U.S. App. LEXIS 12936, at *4 (10th Cir. July 9, 2014) (unpublished) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d

609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

      (ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

      (iii) The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

      (iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(v) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(vi) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2024). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

## IMPROPER DEFENDANT

Section 1983 allows suits against "[e]very person" who, acting under color of law, deprives a person of his rights, privileges, or immunities secured by the Constitution and laws. *See* 42 U.S.C. § 1983. But "person" as it is used in § 1983 does not include States or their agencies. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989); *Krebs v. El Dorado Correctional Facility*, 673 Fed. App'x 891, 894 (10th Cir. 2016). Thus, State correctional facilities cannot be sued under § 1983.

## SOVEREIGN IMMUNITY

The Eleventh Amendment bars actions for money damages against states, state agencies, and state officers in their official capacities. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545

F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding that the Eleventh Amendment shields the State of Utah and its employees acting in their official capacities from claims alleging violations of § 1983). However, "a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).

## SUPERVISORY LIABILITY

The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no liability under § 1983 merely because an official supervised some other official who is allegedly liable himself.

Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. *See Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

To establish a Section 1983 claim against a supervisor, "a plaintiff must first show the supervisor's subordinates violated the constitution." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Once an underlying violation is established, the plaintiff must demonstrate an affirmative link between the supervisor and the violation, "namely the active

5

participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Id*. Specifically, a plaintiff must show the supervisor's "(1) personal involvement; (2) causation; and (3) state of mind." *Estate of Jensen by Jensen v. Clyde*, 989 F.3d 848, 858 (10th Cir. 2021) (cleaned up). "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Serna*, 455 F.3d at 1151.

## AFFIRMATIVE LINK

"[A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement." *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2019). To meet this requirement,

> the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Id.* at 790–91. "A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

## LEGAL ACCESS

6

Inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

## DENIED GRIEVANCES AND VIOLATIONS OF PRISON POLICY

"[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation [in such a violation] under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Nor is there any constitutional right to a grievance process or that such a process is followed once it is

7

established. *See Boyd v. Werholtz*, 443 Fed. App'x 331, 332 (10th Cir. 2011). Nor do alleged failures to follow promises, jail policy, or ethics rules necessarily amount to federal constitutional violations. *See, e.g., Williams v. Miller*, 696 Fed. App'x 862, 870 (10th Cir. 2017) ("Merely showing that [defendants] may have violated prison policy is not enough [to show a constitutional violation]."); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). It is the plaintiff's burden to show *how* such deviations involve his constitutional rights. *See Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010).

## MOTION TO APPOINT COUNSEL

The court now addresses Plaintiff's motions for the court to ask *pro bono* counsel to represent Plaintiff. *See* Dkt. Nos. 3, 9. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). The court may in its discretion appoint counsel for indigent plaintiffs, however. *See* 28 U.S.C.S. § 1915(e)(1) (2023); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff bears the burden of convincing the court that his claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask counsel to represent Plaintiff free of charge, this court considers a variety of factors, including "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Here, the

court is not yet persuaded that Plaintiff's claims are colorable, the issues presented do not appear to be complex, and Plaintiff is not incapacitated or otherwise unable adequately to pursue this action. The Court therefore denies Plaintiff's motions for appointed counsel.

**ORDER**

**IT IS HEREBY ORDERED** that:

1. Plaintiff shall, within thirty days, cure the deficiencies in the Complaint identified herein by filing a document entitled, "Second Amended Complaint," which does not refer to or include any other document.

2. The Clerk's Office shall mail to Plaintiff the Pro Se Litigant Guide with a blank-form civil rights complaint and habeas corpus petition, which Plaintiff shall use if he wishes to further pursue his claims.

3. If Plaintiff fails to timely cure the deficiencies identified above according to the instructions in this order, this action will be dismissed without further notice.

4. Plaintiff shall not serve the second amended complaint on Defendants. Rather, the court will perform its screening function and determine whether the second amended complaint warrants service. No motion for service of process is required. *See* 28 U.S.C. § 1915(d). The court will consider only claims asserted in the second amended complaint against defendants that are properly included in the second amended complaint.

5. The amended complaint shall not include any claims occurring past the date of the Complaint, filed October 2, 2023, and/or outside the allegations of transactions and events contained in the Complaint. Any new claims or allegations postdating the Complaint or outside

its scope will be dismissed. If Plaintiff wishes to raise other claims, Plaintiff may do so only in a new complaint in a new action.

      6.      Plaintiff shall notify the court of any address change and timely comply with court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute and comply with the court's rules and orders.

      7.      Extensions of time are disfavored, though reasonable requests for extensions may be granted. Any motion for time extension shall be filed no later than **fourteen days** before the deadline for which the extension is sought.

      8.      Plaintiff shall not directly communicate with any judge. Plaintiff shall instead direct to the Clerk of Court all relevant information, letters, documents, and papers, and label any such filings with the case number.

      9.      Plaintiff's motion for appointed counsel, Dkt. No. 6, is **DENIED**. Plaintiff may, however, again move for appointment of counsel should developments in this action warrant such an appointment.

DATED this 12th day of August, 2024.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge